IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| TARIQ JONES,<br>Reg. No. 16921-002, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:26-CV-88-WKW |
| | ) | [WO] |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

## I.  INTRODUCTION

Petitioner Tariq Jones, a federal inmate proceeding *pro se*, filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence in *United States v. Jones*, 3:16-cr-428-PCH-TFM (M.D. Ala. filed Sep. 20, 2016).  (Civ. Doc. # 1.[1])  He later signed this motion under penalty of perjury, and it was docketed as an amended motion to vacate, set aside, or correct his sentence.  (*See* Civ. Doc. # 4.)  Respondent United States of America ("the Government") has filed a response.  (Civ. Doc. # 6.)  Upon consideration of the parties' filings and for the reasons to follow, Petitioner's § 2255 motion (Civ. Doc. # 1), as amended (Civ. Doc. # 4), will be denied without

---

[1] References to documents filed in this case are designated "Civ. Doc." and references to documents filed in the underlying criminal case (Case No. 3:16-cr-428) are designated "Crim. Doc."

an evidentiary hearing.  *See* Rule 8, *Rules Governing Section 2255 Proceedings for the United States District Courts*.

## II.  BACKGROUND

In June 2017, a jury found Petitioner guilty of the 23 counts charged in the superseding indictment:

- Counts 1, 3, 5, 7, 9, 11, 13, 16, 18, 20:  10 counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a);

- Count 22:  1 count of carjacking, in violation of 18 U.S.C. § 2119;

- Counts 2, 4, 6, 8, 10, 12, 14, 17, 19, 21, 23:  11 counts of brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii); and

- Count 15:  1 count of discharging a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii).

(Crim. Docs. # 24, 132.)  Petitioner was sentenced to life plus 282 years in prison, consisting of:

- Life on Counts 1, 3, 5, 7, 9, 11, 13, 16, 18, 20, and 22, to be served concurrently;

- 7 years on Count 2, to be served consecutively to all other counts; and

- 25 years each on Counts 4, 6, 8, 10, 12, 14, 15, 17, 19, 21, and 23, to be served consecutively to all other counts.

(Crim. Doc. # 143 at 3; Civ. Docs. # 1-3, 6-2.)

2

Petitioner appealed, challenging his convictions but not his sentence. (*See* Crim. Doc. # 164 at 3 n.1.) Specifically, Petitioner challenged the district court's denial of various motions he filed during his criminal proceedings, including (1) a pretrial motion to dismiss Counts 7–12 for improper venue (*id.* at 3–5); (2) an *ex parte* request for funds to hire an expert witness to testify about eyewitness identification (*id.* at 5); (3) a pretrial motion *in limine* to exclude a spontaneous statement he made to police at the time of his arrest (*id.* at 6–8); and (4) a motion for judgment of acquittal (*id.* at 8–15). Finding no reversible error, the Eleventh Circuit affirmed Petitioner's convictions. (*Id.* at 3); *United States v. Jones*, 786 F. App'x 907, 909 (11th Cir. 2019) (per curiam). On October 7, 2019, the Eleventh Circuit issued its mandate. (Crim. Doc. # 164.)

On February 9, 2026,[2] Petitioner's 28 U.S.C. § 2255 motion was received and docketed by the court. (Civ. Doc. # 1.) However, Petitioner failed to sign his motion

---

[2] "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009). Absent evidence to the contrary, the court must "assume that a prisoner delivered a filing to prison authorities on the date that he signed it." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (per curiam); *see also Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (per curiam) (applying the prison mailbox rule in the context of a § 2255 motion). Petitioner initially did not sign his § 2255 motion under penalty of perjury nor did he date it. The date underneath the notary's signature on the envelope in which Petitioner mailed his motion to the court (Civ. Doc. # 1 at 13) and on Petitioner's attached "Affidavit of Memorandum of Law and Authorities of District Court Jurisdiction" (Civ. Doc. # 1-1 at 1) reads "1-15-26." It is not entirely clear when Petitioner delivered his motion to prison authorities for mailing; however, it appears that the motion was filed in mid- to late-January or early February 2026. It is not necessary to decide the precise filing date or whether the unsigned motion constituted a proper filing, because, even if it is assumed that the unsigned motion is deemed filed in mid-January 2026, it remains untimely.

3

under penalty of perjury as required by Rule 2(b)(5) of the *Rules Governing Section 2255 Proceedings for the United States District Courts*, and the court issued an Order directing him to do so.  (Civ. Doc. # 2.)  On February 18, 2026,[3] Petitioner filed his signed motion, which was docketed as an amended § 2255 motion.  (*See* Civ. Doc. # 4.)  In his motion, Petitioner argues that the Government and the court lacked jurisdiction over the charged offenses and that conspiracy is not a valid predicate offense for purposes of 18 U.S.C. § 924(c).  On March 23, 2026, the Government filed a response, asserting that Petitioner's motion is due to be denied as untimely, or alternatively, on substantive grounds.  (Civ. Doc. # 6 at 3–4.)

## III.  DISCUSSION

**A.    Section 2255's One-Year Limitation Period**

Section 2255, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes a one-year limitation period for filing a motion to vacate, set aside, or correct a federal sentence.  In relevant part, § 2255 provides:

> A 1-year limitation shall apply to a motion under this section. The limitation shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;

---

[3] Petitioner signed his "amended" motion under penalty of perjury and dated it "Feb 18, 2026." (Civ. Doc. # 4 at 12 (declaring "under penalty of perjury" that his motion "was placed in the prison mailing system on Feb. 18, 2026").)  Pursuant to the prison mailbox rule, Petitioner's amended motion was filed on February 18, 2026, even though it was not received and docketed until February 24, 2026. *See Williams*, 557 F.3d at 1290 n.2; *Jeffries*, 748 F.3d at 1314; *Washington*, 243 F.3d at 1301.

4

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented by making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f); *see* Rule 3(c), *Rules Governing Section 2255 Proceedings for the United States District Courts*.

The judgment of conviction was entered on August 24, 2017.  (Crim. Doc. # 143 at 3; Civ. Docs. # 1-3, 6-2.)  On September 6, 2019, the Eleventh Circuit affirmed Petitioner's convictions in an unpublished per curiam opinion.  (Crim. Doc. # 164.)  The Court issued its mandate on October 7, 2019. (Crim. Doc. # 165.)  "For the purpose of starting the clock on § 2255's one-year limitation period, . . . a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction."  *Clay v. United States*, 537 U.S. 522, 525 (2003).  Petitioner had 90 days from September 6, 2019—*i.e.*, the date that the Eleventh Circuit issued its decision affirming his convictions—to file a petition for a writ of certiorari.  *See* Sup. Ct. R. 13(1); *see also* Sup. Ct. R. 13(3) ("The time to file a petition for a writ of certiorari runs from the

date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate . . . .").

The 90-day deadline for Petitioner to file a petition for a writ of certiorari expired on December 5, 2019, and his convictions became final for purposes of § 2255 that same day. *See Close v. United States*, 336 F.3d 1283, 1284–85 (11th Cir. 2003). Under § 2255(f)(1), Petitioner had one year—until December 5, 2020—to file a § 2255 motion. Accordingly, the instant § 2255 motion, filed more than five years after the expiration of the one-year limitation period, *see supra* notes 2 & 3, is untimely.

Notably, Petitioner does not provide any explanation for the delay or acknowledge the untimeliness of his motion whatsoever. Petitioner filed the instant § 2255 motion using a form template that includes a section regarding the timeliness of the motion. (*See* Civ. Doc. # 4 at 10–11.) This section reads: "If your judgment of conviction because final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion." (*Id.* at 10.) Petitioner left this portion of the form blank.

Consequently, Petitioner's motion is untimely under § 2255(f)(1), and it is time-barred unless the limitation period began to run on a different date (*i.e.*, under § 2255(f)(2)–(4)) or equitable tolling applies.

**B.    Whether the One-Year Limitation Period Began to Run Under § 2255(f)(2)–(4) Rather than § 2255(f)(1)**

Petitioner does not assert the potential applicability of § 2255(f)(2)–(4) to his untimely petition; however, the language Petitioner uses in explaining why he failed to raise his claims on direct appeal warrants addressing whether the one-year limitation period began to run on a date other than the date Petitioner's judgment of conviction became final.  The short answer is no.

Petitioner contends that he "[did] not know at the time [of his direct appeal] that the state legislature had to give consent to the federal government to hear local offenses of criminal acts and be put on notice under 40 U.S.C. § 3112 for a case to be heard federally."  (Civ. Doc. # 4 at 4.)  Under a liberal interpretation of this assertion, Petitioner could be trying to argue that he discovered new facts (*i.e.*, the alleged applicability of 40 U.S.C. § 3112 to his criminal proceedings) through the exercise of due diligence such that the one-year limitation period began to run under 28 U.S.C. § 2255(f)(4) rather than § 2255(f)(1).  But the limitation period under § 2255(f)(4) "begins to run when the facts could have been discovered through the exercise of due diligence, not when they were actually discovered." *Aron v. United States*, 291 F.3d 708, 711 (11th Cir. 2002).  Not only is 40 U.S.C. § 3112 irrelevant to Petitioner's case, that statutory provision in its current form has been in effect since August 2002.  Consequently, § 2255(f)(4) does not provide a more recent date on which the limitation period began to run.

Petitioner also contends that whether conspiracy qualified as a predicate offense for an 18 U.S.C. § 924(c) conviction was not before Congress "at the time where the Supreme Court ascertained [his] claim as to 'conspiracy.'" (Doc. # 4 at 5.)  Construing this assertion liberally, Petitioner could be attempting to allege that the one-year limitation period began to run under 28 U.S.C. § 2255(f)(3) rather than § 2255(f)(1).  Under § 2255(f)(3), the limitation period begins to run on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  Although Petitioner does not cite any caselaw, he loosely alludes to *United States v. Davis* in which the U.S. Supreme Court held that the residual clause of 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague.[4]  588 U.S. 445, 470 (2019).  In *Brown v. United States*, the Eleventh Circuit held that, after *Davis*, conspiracy to commit Hobbs Act robbery is not a "crime of violence" under § 924(c).[5]  *See* 942 F.3d 1069, 1075–76 (11th Cir. 2019) (per curiam).  *Davis* was decided in June 2019, while Petitioner's direct appeal was pending, and *Brown* was decided in November 2019, shortly after the disposition of Petitioner's direct appeal

---

[4] *Davis*'s holding is unhelpful to Petitioner because he was charged, convicted, and sentenced under § 924(c)(3)(A)'s "use-of-force" or "elements" clause, not § 924(c)(3)(B)'s residual clause.

[5] *Brown*'s holding also is unhelpful to Petitioner because the petitioner in *Brown* "pled guilty to *conspiracy* to commit Hobbs Act robbery, not substantive Hobbs Act robbery, a crime [the Eleventh Circuit] ha[s] previously held constitutes a crime of violence under the elements clause." 942 F.3d at 1075.  Petitioner was charged with, convicted of, and sentenced for 11 counts of substantive Hobbs Act robbery.

but before his conviction became final on December 5, 2019. Therefore, initial recognition of the right that Petitioner attempts to assert occurred in 2019, and 28 U.S.C. § 2255(f)(3) does not provide a more recent date on which the limitation period began to run.

## C.   <u>**Whether Equitable Tolling Applies**</u>

The one-year limitation period can be equitably tolled if a petitioner "untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Outler v. United States*, 485 F.3d 1273, 1280 (11th Cir. 2007) (per curiam) (citation omitted). "Equitable tolling is an extraordinary remedy which is typically applied sparingly." *Mazola v. United States*, 294 F. App'x 480, 482 (11th Cir. 2008) (quoting *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000)). "An inmate bears the difficult burden of showing specific facts to support his claim of extraordinary circumstances and due diligence." *Id.*

Petitioner has not carried his burden to establish equitable tolling. He identifies no extraordinary circumstances that were beyond his control and unavoidable even with diligence, and he alleges no specific facts demonstrating a diligent pursuit of his rights or that any extraordinary circumstances prevented a timely filing. To the contrary, after the unfavorable disposition of his direct appeal, Petitioner waited more than five years to file this § 2255 motion, raising arguments

9

that were available to him throughout that period.  On this record, equitable tolling thus does not apply, and Petitioner's § 2255 motion is untimely.

### III.  CONCLUSION

Because Petitioner filed the instant 28 U.S.C. § 2255 motion more than five years after the expiration of the one-year limitation period and equitable tolling does not apply, his motion is time-barred and will be denied without an evidentiary hearing.  *See* Rule 8, *Rules Governing Section 2255 Proceedings for the United States District Courts*.  Furthermore, to the extent Petitioner seeks a certificate of appealability, the request to proceed on appeal will be denied because Petitioner has not shown "that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether th[is] . . . court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000); *see* 28 U.S.C. § 2253(c).

Based on the foregoing, it is ORDERED that:

(1)    Petitioner's 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence (Civ. Doc. # 1), as amended (Civ. Doc. # 4), is DENIED;

(2)    This case is DISMISSED with prejudice; and

(3)    To the extent Petitioner seeks a certificate of appealability, any request to proceed on appeal is DENIED.

Final judgment will be entered separately.

DONE this 28th day of May, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE